UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| N. H., et al.,<br><br>            Plaintiffs,<br><br>        v.<br><br>THE UNITED STATES DEPARTMENT<br>OF STATE, et al.,<br><br>            Defendants. | Case No.  25-cv-01779-AMO<br><br>**ORDER GRANTING MOTION TO<br>DISMISS**<br><br>Re: Dkt. No. 10 |

This case arises from the denial of a visa by the Department of State.  Defendants United States Department of State, Secretary of State Marco Rubio, United States Department of Homeland Security ("DHS"), Secretary of State Kristi Noem, United States Customs and Border Protection ("CBP"), and Acting Commissioner of CBP Pete Flores (together, "Defendants") move to dismiss this action.  The motion to dismiss was heard before this Court on March 12, 2026. Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, the Court hereby **GRANTS** the motion to dismiss for the following reasons.

## I.     BACKGROUND

On August 14, 2014, Plaintiff N.H., an Indian national, was removed from the United States pursuant to an expedited removal order issued under Title 8 U.S.C. § 1225(b)(1).  Compl. ¶ 17.  The basis for the expedited removal order was CBP's determination that N.H. was inadmissible under Title 8 U.S.C. § 1182(a)(6)(C)(i), having found that N.H.'s "then-spouse paid monies to a third party to obtain resident status for [N.H.]'s then-spouse through a marriage-fraud scheme."  Compl. ¶ 17.

United States District Court
Northern District of California

On August 21, 2021, Plaintiff N.S., N.H.'s brother, completed an application for a visa for N.H. (on form DS-260) based on a previously approved I-130 Petition. Compl. ¶¶ 1, 18. On March 20, 2024, at N.H.'s consular interview in Mumbai, India, a consular officer denied N.H.'s visa application based on inadmissibility under Section 1182(a)(6)(C)(i) – the consular officer determined that N.H. previously engaged in fraud or made a material misrepresentation of fact in pursuit of an immigration benefit. Compl. ¶ 21. The consular officer advised N.H. she could address this ineligibility directly with DHS. Compl. ¶ 21.

N.H. submitted an inquiry to DHS via the Traveler Redress Inquiry Program ("TRIP"), wherein she requested a reversal of the finding of inadmissibility. Compl. ¶ 22. DHS acknowledged receipt of N.H.'s inquiry and explained that the inadmissibility finding was made in connection with her expedited removal order in 2014, but DHS did not explain the basis for the finding or agree to withdraw it. Compl. ¶¶ 23-24. N.H. submitted a second inquiry asking DHS to reverse its finding. Compl. ¶ 25. DHS refused. Compl. ¶ 26.

On May 15, 2024, N.H. contacted the Consulate General in Mumbai, and argued that although DHS had refused to remove the inadmissibility finding via the TRIP process, the consulate must reach an independent decision on inadmissibly because the State Department is not bound by DHS's determination. Compl. ¶ 27. The Consulate General responded that its decision was based on DHS's determination of inadmissibly and that N.H. could contact the Office of the Legal Adviser for Consular Affairs ("LegalNet") with additional questions. Compl. ¶ 28. On June 4, 2024, N.H. contacted LegalNet to ask for an independent assessment of admissibility by Department of State ("DOS"). Compl. ¶ 29. LegalNet responded that the visa was refused based on a finding originally made by DHS and that " '[c]onsular officers cannot remove an inadmissibility finding originally entered by DHS.' " Compl. ¶ 30. On July 1, 2024, N.H. responded, asking for reconsideration and a citation for the proposition that DOS cannot remove an inadmissibility finding originally entered by DHS. Compl. ¶ 31. LegalNet has not responded. Compl. ¶ 32.

//

//

2

Plaintiffs allege four causes of action:

- (1) Violation of the Immigration and Nationality Act ("INA") and Regulations;

- (2) Violation of the Administrative Procedure Act ("APA");

- (3) Violation of the Fifth Amendment – Due Process and Equal Protection of Laws; and

- (4) Violation of the First Amendment – Receiving Information and Ideas.

*See* Compl. ¶¶ 33-54.

## II.    DISCUSSION

Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim.  Dkt. No. 10.  Because the Court finds it lacks jurisdiction, the Court does not reach the remaining arguments.

### A.    Legal Standard – Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal quotation marks omitted)).  Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may raise a facial or a factual challenge to a federal court's subject matter jurisdiction.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In facial challenges brought under Rule 12(b)(1), the inquiry is confined to the allegations in the complaint, while factual challenges permit the court to look beyond the complaint to extrinsic evidence.  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  When a defendant challenges jurisdiction "facially" as Defendants do here, all material allegations in the complaint are assumed true, and the court determines whether the factual allegations are sufficient to invoke the court's subject matter jurisdiction.  *Id.*

### B.    Jurisdiction to Review CBP Inadmissibility Determination

Plaintiffs assert that this Court has subject matter jurisdiction on two bases, federal question and mandamus.  Compl. ¶ 10; *see also* 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1361 (mandamus).  Defendants counter that another statute, however, Title 8 U.S.C. § 1252(a)(2)(A), expressly divests the Court of jurisdiction over Plaintiffs' claims because they arise from N.H.'s expedited removal order.  Title 8 U.S.C. § 1252(a)(2)(A) "provides that 'no

United States District Court
Northern District of California

United States District Court
Northern District of California

court shall have jurisdiction to review' an expedited removal order except as provided in" Section 1252(e), which sets forth specific scenarios for potential habeas relief. *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1192 (9th Cir. 2021) (quoting 8 U.S.C. § 1252(a)(2)(A)); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020). Section 1252(a)(2)(A) divests federal courts of jurisdiction over claims that "arise from or relate to the implementation or operation of an order of [expedited] removal," Title 8 U.S.C. § 1252(a)(2)(A)(i), because such claims "ask[] to nullify the continuing effects of that order." *Avendano-Ramirez v. Ashcroft*, 365 F.3d 813, 818 (9th Cir. 2004). Section 1252(a)(2)(A) thus squarely removes from federal courts any jurisdiction to review issues relating to orders of expedited removal issued pursuant to Section 1225(b)(1) except as provided in Section 1252(e). *See Singh v. Barr*, 982 F.3d 778, 782 (9th Cir. 2020). Further, Section 1252(e)(1)(A) similarly provides that, regardless of the nature of the action or claim, no court may "enter declaratory, injunctive, or other equitable relief in any action pertaining to" an order for expedited removal made under Section 1225(b)(1) except for certain actions described in Section 1252(e).

Given this clear authority, the Court does not have subject matter jurisdiction here. Though Plaintiffs assert federal question and mandamus jurisdiction, Section 1252(a)(2)(A) divests the Court of jurisdiction because N.H. asks the Court to revisit DHS's purportedly erroneous basis for her expedited removal in 2014. *See* Compl. ¶¶ 17, 20. In so doing, N.H. seeks relief from the continuing effects of an expedited removal order issued pursuant to Section 1225(b)(1), relief which is barred by Title 8 U.S.C. § 1252(a)(2)(A). *See Thuraissigiam*, 591 U.S. at 111 (concluding Section 1252(a)(2)(A) bars review of claims seeking additional review of an expedited removal order beyond what is provided by Section 1252(e)(2)). Plaintiffs argue that because they are not seeking to extinguish the 2014 expedited removal order and are not directly challenging its implementation or operation, Section 1252(a)(2)(A) does not pose a jurisdictional bar. *See* Dkt. No. 17 at 10-11. But that argument fails because Congress made clear that Section 1252(a)(2)(A)'s jurisdictional bar applies not only to substantive challenges to expedited removal orders, but also to claims "arising from or relating to the implementation or operation of an order of [expedited] removal pursuant to section 1225(b)(1)." 8 U.S.C. § 1252(a)(2)(A)(i), (iv).

Plaintiffs' counsel made clear at the hearing that Plaintiffs challenge CBP's 2014 determination of inadmissibility on the basis of fraud. But by attacking Defendants' basis for finding N.H. inadmissible, Plaintiffs advance a collateral attack against the expedited removal order, which is not permitted by the jurisdiction-stripping statute. *Guerrier v. Garland*, 18 F.4th 304, 308-09 (9th Cir. 2021); *see also Carriedo-Rosas v. Garland*, No. 16-73927, 2022 WL 3973924, at *1 (9th Cir. Aug. 31, 2022) ("We lack jurisdiction to review collateral attacks on underlying expedited removal orders absent three narrow exceptions that may be asserted only in a habeas proceeding."). No matter the nuanced circumvention Plaintiffs attempt to advance, the jurisdictional bar applies to the challenge to the underlying basis for the expedited removal order they present here. Significantly, Plaintiffs fail to cite a single case in which a court has entertained a challenge like the one they bring here.

Defendants, on the other hand, point to two cases that rejected Plaintiffs' same argument. *See* Dkt. No. 18 at 7 (citing *Shunaula v. Holder*, 732 F.3d 143 (2d Cir. 2013); *Lister v. United States Customs & Border Prot., et al.*, 431 F. Supp. 3d 141, 145 (W.D.N.Y. 2019)). In the first case, *Shunaula*, CBP removed the plaintiff via an expedited removal order after finding a fabricated green card in his possession. *Id.*, 732 F.3d at 144-45. The plaintiff re-entered the country without authorization, and years later, sought legal status. *Id.* at 145. U.S. Citizenship and Immigration Services ("USCIS") denied his application based on the inadmissibility finding underlying the expedited removal order. *Id.* The plaintiff challenged the denial in federal court. *Id.* He raised five arguments, one of which was a merits argument that the inadmissibility finding was improper because "he had made no misrepresentation and intended none." *Id.* The Second Circuit held that Section 1252(a)(2)(A) deprived the court of jurisdiction to review his challenge and did not reach the other arguments. *Id.* at 147. Section 1252(a)(2)(A) similarly deprives this Court of jurisdiction to review Plaintiffs' challenge to the 2014 expedited removal order.

In the second case cited by Defendants, *Lister*, the district court was even more explicit about its lack of jurisdiction in a case implicating the same requests for relief advanced by N.H. and N.S.:

5

> Plaintiff contends that § 1252(a)(2)(A) does not bar his claim, because he "has been aggrieved by two separate and distinct CBP actions: (1) the issuance of the expedited order of removal under INA § 235(b)(1) and (2) the inadmissibility charge pursuant to INA § 212(a)(6)(C)(i)," and he is challenging only the inadmissibility charge. This argument is inconsistent with the plain language of § 1252(a)(2)(A), which states that it extends to "any . . . cause or claim arising from or relating to the implementation or operation of an expedited order of removal issued under INA § 235(b)(1)." 8 U.S.C. § 1252(a)(2)(A)(i).

*Lister*, 431 F. Supp. 3d at 145. The *Lister* court accordingly determined that it lacked jurisdiction over the plaintiff's APA claim. *Id.* at 146. The same result follows here to all Plaintiffs' claims.

In Plaintiffs' opposition brief and at the hearing, they attempted to distinguish these and other cases on the basis that the statutory scheme does not divest this Court of jurisdiction. They argue in significant part that more than five years have passed since the 2014 inadmissibility finding, and, accordingly, Title 8 U.S.C. § 1182(a)(9)(A)(i) does not prevent N.H. from applying for admission. *See* Dkt. No. 17 at 11 (citing *Avendano-Ramirez v. Ashcroft*, 365 F.3d 813, 817 (9th Cir. 2004)); *see also* 8 U.S.C. § 1182(a)(9)(A)(i) (making those subject to expedited removal "inadmissible" within five years following such removal). Section 1182(a)(9)(A)(i), in this context, amounts to nothing more than a red herring because it has nothing to do with the case presented – Plaintiffs' challenge focuses on the propriety of DHS's 2014 inadmissibility finding, not the timing of a new application for admission. No matter the length of time between the inadmissibility finding and Plaintiffs' lawsuit to challenge that finding, Section 1252 governs the district court's jurisdiction to hear the suit.

Because Plaintiffs attack an expedited removal determination, Section 1252(a)(2)(A) governs, and this Court lacks jurisdiction unless N.H. can invoke Section 1252(e)(2). But Plaintiffs do not raise a habeas claim, the only type of action which Section 1252(e)(2) permits. *See* 8 U.S.C. § 1252(e)(2). That dooms the complaint because federal courts lack jurisdiction to consider any collateral challenge to expedited removal orders – including the underlying bases for them. *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1135 (9th Cir. 2008) (courts lack "jurisdiction to review the merits of an expedited removal order"); *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1154 (9th Cir. 2022) (Section 1252(a)(2)(A) is a jurisdiction-stripping and channeling provision, which bars review of almost "every aspect of the expedited removal

process.").  Because Plaintiffs challenge the merits underlying N.H.'s expedited removal order, the Court must dismiss the action for lack of jurisdiction.

### III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss.  The Court lacks subject matter jurisdiction and accordingly **DISMISSES** the action with prejudice.

**IT IS SO ORDERED.**

Dated: March 17, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

7